UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL SALISBURY, | ) | No. EDCV 08-1851 FFM |
| Plaintiff, | ) ) | MEMORANDUM OPINION; ORDER THEREON |
| v. | ) ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) | |

Plaintiff filed a complaint on December 26, 2008, seeking review of the Commissioner's denial of his applications for Supplemental Security Income Benefits and Disability Insurance Benefits. In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation ("JS") on July 27, 2009. Thus, this matter is now ready for decision.

This memorandum opinion shall constitute the Court's findings of fact and conclusions of law.

**PROCEDURAL HISTORY**

Plaintiff, who was fifty-one years old as of the date of decision, has an Associates degree and past relevant work. (AR 29.) His application alleges an inability to work since November 18, 2002, because of depression, anxiety, lower back pain, left elbow pain and shoulder pain. His application was denied initially and upon reconsideration.

1  At his request, a hearing was held on March 18, 2008, before an Administrative Law
2  Judge ("ALJ").  On April 22, 2008, the ALJ issued his decision again denying benefits.
3  Plaintiff filed a request for review of the hearing decision, which was denied by the
4  Appeals Council on October 23, 2008.

5
6                                **DISPUTED ISSUES**
7         As reflected in the Joint Stipulation, the disputed issues that plaintiff is raising as
8  the grounds for reversal and or remand are as follows:
9         1)    Whether the ALJ developed the record regarding plaintiff's worker's
10               compensation health records;
11        2)    Whether the ALJ considered the treating psychiatrist's opinion regarding
12               plaintiff's functional limitations;
13        3)    Whether the ALJ considered the treating psychiatrist's opinion;
14        4)    Whether the ALJ posed a complete hypothetical question to the vocational
15               expert; and
16        5)    Whether the ALJ properly determined that plaintiff could perform the jobs
17               of sewing machine operator, electronics worker, and circuit board
18               assembler.
19  JS 2-3.
20        This Court finds that plaintiff's contentions are without merit.  Therefore, the
21  decision of the Commissioner must be affirmed.

22
23                              **STANDARD OF REVIEW**
24        Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to
25  determine whether the Commissioner's findings are supported by substantial evidence
26  and whether the proper legal standards were applied.  *DeLorme v. Sullivan*, 924 F.2d
27  841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere scintilla" but
28  less than a preponderance.  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28

1  L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573,
2  575-76 (9th Cir. 1988).  Substantial evidence is "such relevant evidence as a reasonable
3  mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.
4  This Court must review the record as a whole and consider adverse as well as supporting
5  evidence. *Green v. Heckler*, 803 F.2d 528, 929-30 (9th Cir. 1986).  Where evidence is
6  susceptible to more than one rational interpretation, the Commissioner's decision must
7  be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).
8
9  **DISCUSSION**
10  **Whether the ALJ developed the record regarding plaintiff's worker's**
11  **compensation health records.**
12  At the hearing, the ALJ noted that pages were missing from the August 14, 2006
13  Agreed Medical Evaluation performed by Dr. Sabety.  (AR 46-47.)  The ALJ stated that
14  he was interested in seeing page 27.  (AR 47.)  Plaintiff's counsel indicated that he had
15  received the report in the same way that the ALJ had it.  (*Id*.)  In the report, Dr. Sabety
16  reviewed diagnostic studies from 2003 and 2004, films of x-rays taken at the time of the
17  August 2006 examination, medical records from October 2001 through March 2006,
18  plaintiff's social history, medical history, education, previous industrial injuries and
19  occupational history and conducted his own physical examination.  (AR 295-316.)  The
20  physical examination was unremarkable with respect to plaintiff's neck, shoulders,
21  elbows, forearms, wrists, and hands.  (AR 308-10.)  However, the physical examination
22  of plaintiff's lower back and Dr. Sabety's conclusions and restrictions, if any, are
23  missing.
24  Plaintiff contends that the ALJ had an independent duty to fully develop the
25  record and should have attempted to obtain the missing pages from Dr. Sabety's report
26  before rendering his decision.
27  / / /
28  / / /

1    The ALJ has an independent duty to fully and fairly develop the record and to
2    assure that the claimant's interests are considered, even when the claimant is represented
3    by counsel. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).  However, "[a]n
4    ALJ's duty to develop the record further is triggered only when there is ambiguous
5    evidence or when the record is inadequate to allow for proper evaluation of the
6    evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (citing
7    *Tonapetyan*, 243 F.3d at 1150).
8        In his decision, the ALJ noted that the physical examinations before and after Dr.
9    Sabety's found plaintiff's musculoskeletal system to be completely normal.  The ALJ
10   noted that a board certified orthopedic consultative examiner, Dr. Sophon, examined
11   claimant shortly after Dr. Sabety's physical examination.  Dr. Sophon did not find any
12   orthopedic diagnosis or any functional limitations.  The ALJ also noted that Dr. Sabety's
13   clinical and diagnostic findings, to the extent they are contained in the record, are similar
14   to Dr. Morgan's, who found minimal restrictions.  Reviewing the ALJ's decision and the
15   record as a whole, nothing suggests that anything contained in the missing pages of Dr.
16   Sabety's report would be more advantageous to plaintiff.  The evidence in the record
17   sufficiently supports the ALJ's decision.  Under these circumstances, the Court cannot
18   find that there was any ambiguous evidence or that the record was inadequate to allow
19   the proper evaluation of the evidence.  Thus, reversal is not required because of the
20   missing pages from Dr. Sabety's report.

22   **Whether the ALJ considered the treating psychiatrist's opinion regarding**
23   **plaintiff's functional limitations.**

24       Plaintiff contends that the ALJ improperly rejected the Work Capacity Evaluation
25   (Mental) form completed by Dr. Jessie DeVera, a treating psychiatrist.  Plaintiff
26   contends that the ALJ failed to discuss treatment notes from Dr. DeVera that recorded
27   plaintiff's sad affect, depressed mood and anxiety on a number of occasions.
28   / / /

In evaluating physicians' opinions, the case law and regulations distinguish among three types of physicians:  (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither treat nor examine the claimant (non-examining physicians).  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995), limited on other grounds, *Saelee v. Chater*, 94 F.3d 520, 523 (9th Cir. 1996); *see also* 20 C.F.R. §§ 416.902, 416.927(d).  As a general rule, more weight should be given to the opinion of a treating source than to the opinions of physicians who do not treat the claimant.  *Winans v. Bowen,* 853 F.2d 643, 647 (9th Cir. 1987); *see also* 20 C.F.R. § 416.927(d)(2).

If a treating physician's opinion on the issue of disability is controverted, the ALJ must provide "specific and legitimate" reasons, supported by substantial evidence in the record, in order to reject the treating physician's opinion.  *Lester*, 81 F.3d at 830; *Holohan v. Massanari*, 246 F.3d 1195, 1202-03 (9th Cir. 2001).  "The ALJ could meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  *Magallenes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks omitted).

Here, the ALJ relied on the opinion of the board certified psychiatric consultative examiner, Dr. Linda Smith.  Dr. Smith's opinion contracted Dr. DeVera's opinion.  Therefore, the ALJ was required to provide "specific and legitimate" reasons to reject Dr. DeVera's opinion.  After describing Dr. Smith's findings, the ALJ addressed Dr. DeVera's opinion as follows:

> I have read and considered the statement of disability completed by Dr. Devera on November 28, 2006 and I do not give this statement any significant weight (Exhibit 13F, pp.1-3).  The limitations noted by Dr. Devera in the check-list style statement are not consistent with the clinical findings in the medical record.  The claimant has no reported side effects to medications and these medications have been successful in keeping the claimant stable and functional without symptoms exacerbation or need for

5

emergency treatment (exhibits 3F, 8F and 17F).  As described above, his treatment notes reflect that the claimant was stable, oriented, cooperative with no side effects to medications, no hallucinations and no suicidal ideation.  Id.

(AR 16.)

First, the checklist format of Dr. DeVera's opinion constitutes a specific, legitimate reason for rejecting it.  *Batson v. Commissioner, Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ properly discounted treating physician's opinion where, *inter alia*, opinion was in form of checklist).  Although the ALJ did not explicitly state, "I reject the opinion because it is in the form of a checklist," the Court may permissibly infer from the ALJ's reference to the opinion's format that the ALJ viewed the format as grounds for discounting the opinion.  *Magallenes*, 881 F.2d at 755 (court may draw specific, legitimate inferences from ALJ's decision justifying rejection of treating physician's opinion).  Second, although Dr. DeVera did note sad affect and depressed mood in his treatment notes, Dr. DeVera did not attribute any functional limitations related thereto.  Finally, the ALJ described and adopted the contrary findings of Dr. Smith, which were supported in the record.  Therefore, remand is not required in connection with this issue.

### **Whether the ALJ considered the treating psychiatrist's opinion.**

On March 2, 2005, treating psychiatrist Roberto Cabugao conducted a mental status examination of plaintiff.  Dr. Cabugao diagnosed plaintiff with major depression, recurrent, non-psychotic, moderate, generalized anxiety disorder, and a Global Assessment of Functioning (GAF) of 50.  In analyzing plaintiff's mental status, the ALJ referenced plaintiff's psychiatric records, including Exhibit 8F which includes the March 2, 2005 mental status examination by Dr. Cabugao.  (AR 15.)  The ALJ further noted that on February 28, 2005, plaintiff was diagnosed with bi-polar disorder, depression.  (*Id.*)  The ALJ discussed further psychiatric treatment records and, adopting Dr. Smith's

opinion, found that plaintiff's "medications have been successful in keeping [plaintiff] stable and functional without symptoms exacerbation or need for emergency treatment." (AR 16.)  The Court finds that the ALJ provided specific and legitimate reasons for discounting the March 2, 2005 findings of Dr. Cabugao.

Plaintiff further contends that the ALJ unfairly failed to reference the GAF finding by Dr. Cabugao of 50, but referenced the GAF finding of 65 by Dr. Smith.

The GAF reference is to Axis V from the five levels designated by the Diagnostic and Statistical Manual of Mental Disorders relating to different aspects of a disorder or disability.  American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* 27-33 (4th ed., text rev., 2000) (the "DSM-IV-TR").  The fifth level, known as Axis V, is the GAF.[1]

An ALJ is not required to discuss every piece of evidence in the record.  *See Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003).  Although an ALJ must explain why "significant probative evidence has been rejected," *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir.1984), the score of 50 was not "significant probative evidence."  The isolated GAF score in itself has minimum, if any, probative value in this case.  As pointed out by the ALJ, plaintiff's condition responded well to treatment.  Therefore, the March 2005 score was not particularly probative of plaintiff's condition and the ALJ's reliance on Dr. Smith's opinion was not erroneous.

---

[1]  A GAF score of 41-50 indicates that the patient has "[s]erious symptoms (*e.g.*, suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (*e.g.*, no friends, unable to keep a job)."  DSM-IV-TR at 34.

1    <u>**Whether the ALJ posed a complete hypothetical question to the vocational**</u>
2    <u>**expert.**</u>

3         Claims of disability are evaluated under a five-step sequential procedure.  *See* 20
4    C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f).  If, at step four of the procedure, the claimant
5    meets his burden of establishing an inability to perform past work, at step five, the
6    Commissioner has the burden of showing that he can engage in other substantial gainful
7    work that exists in the national economy, taking into account his residual functioning
8    capacity, age, education, and work experience.  There are two ways for the
9    Commissioner to meet his burden at step five:  (1) by reference to the Medical-
10   Vocational Guidelines contained in 20 C.F.R. Part 404, Subpart P, Appendix 2; or (2)
11   through the testimony of a vocational expert as to other work in the economy that the
12   claimant can perform.  *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing
13   *Tackett v. Apfel*, 180 F.3d 1094, 1100-01 (9th Cir. 1999)).

14        A vocational expert's testimony may constitute substantial evidence of a
15   claimant's ability to perform work which exists in significant numbers in the national
16   economy when the ALJ poses a hypothetical question that accurately describes all of the
17   limitations and restrictions of the claimant that are supported by the record.  *See Tackett*,
18   180 F.3d at 1101; *see also Lewis v. Apfel*, 236 F.3d 503, 517 (9th Cir. 2001) ("If the
19   record does not support the assumptions in the hypothetical, the vocational expert's
20   opinion has no evidentiary value").

21        Plaintiff contends that the hypothetical posed to the vocational expert was
22   incomplete because it did not reference the limitations determined by Dr. DeVera.
23   However, no error occurs where the ALJ's hypothetical to the vocational expert omits
24   limitations claimed but not proven.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir.
25   2001).  Because the ALJ did not accept Dr. DeVera's findings (which action this Court
26   has now upheld), the ALJ was not required to include those limitations in the
27   hypothetical posed to the vocational expert.
28   / / /

1    **<u>Whether the ALJ properly determined that plaintiff could perform the jobs</u>**

2    **<u>of sewing machine operator, electronics worker, and circuit board assembler.</u>**

3         Plaintiff relies on the findings of Dr. DeVera to contend that he cannot perform

4    work requiring a reasoning level of 2.  However, given that the ALJ rejected Dr.

5    DeVera's opinion, plaintiff's contention is without merit.

6

7                                    **CONCLUSION**

8         For the reasons set forth above, this Court finds that the Commissioner's decision

9    is supported by substantial evidence and is free of material legal error.  Therefore, the

10   decision of the Commissioner is AFFIRMED.

11        IT IS SO ORDERED.

12

13   DATED: March 30, 2010

14                                         /S/ FREDERICK F. MUMM
                                          FREDERICK F. MUMM
15                                        United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28